# Richmond.

## STELLA BARNES v. FORREST GILBERT HAMPTON, WHO SUES BY HIS FATHER AND NEXT FRIEND, A. M. HAMPTON.

### March 1, 1928.

1. AUTOMOBILES— *Master and Servant— Agency— Pleading— Burden of Proof — Case at Bar.—* The instant case was an action against the owner of an automobile and the driver of the automobile for injuries when the car struck and injured plaintiff. The notice of motion alleged that when plaintiff was injured the automobile was being operated by one Marts, who at that time was operating it as the servant and agent of defendant. This allegation was denied by affidavit of defendant in compliance with section 6126 of the Code of 1919.

   *Held:* That this placed upon the plaintiff the burden of proving that Marts was the servant or agent of defendant at the time of the injury.

2. AUTOMOBILES— *Master and Servant— Agency— Rejection of Evidence by Jury— Case at Bar.—* The instant case was an action against the owner of an automobile and one Marts, the driver of the automobile at the time when it struck and injured plaintiff. There was a judgment and verdict for plaintiff. The evidence relied upon to establish the relation of master and servant between defendant and Marts, was that of the defendant and Marts. From their statements it was clear that earlier in the day Marts, in driving the car, was acting for and under the direction of defendant. The same witnesses that established this fact, however, are equally as clear and emphatic in their testimony, when they say that Marts was not directed or authorized to use the car at the time of the accident and was not on any mission for the defendant at that time.

   *Held:* That as there was no evidence in conflict with these statements, the statements not being inherently incredible, the jury were unauthorized in rejecting them.

3. NEW TRIAL— *No Evidence to Support the Verdict— Jury Disbelieving Witnesses.—* Where the only evidence on the question of a relationship of master and servant was to the effect that such relationship did not exist, although the jury may have disbelieved the witnesses and their testimony may have been in fact untrue, yet, a finding

by the jury that the relationship existed is unwarranted. Mere beliefs or surmises are not sufficient. There must be some evidence in order to support the verdict.

4. AUTOMOBILES—*Agency—Master and Servant—Existence of Relationship Once Shown—Case at Bar.*—In an action against the owner of an automobile for injuries sustained when plaintiff was struck by the automobile, the relation of master and servant between defendant and the driver of the automobile having been once established, the burden of showing the relationship to have terminated at the time of the accident rested upon defendant. In the instant case defendant carried the burden and established the nonexistence of the relationship at the time of the injury by positive and uncontradicted evidence.

5. MASTER AND SERVANT—*Respondeat Superior—Relationship of Master and Servant.*—The doctrine of *respondeat superior* applies only where the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time and in respect to the very transaction out of which the injury arose.

6. AUTOMOBILES—*Liability of Owner—Use of Car by Another.*—The use by one person of the car of another, for the pleasure, convenience or business of the party so using same, does not render the owner liable for injuries resulting from the negligent use thereof.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Page, Page & Page*, for the plaintiff in error.

*C. M. Sawyer* and *Merrill & Machen*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

Writ of error to a judgment of the Court of Law and Chancery of the city of Norfolk.

The parties will be referred to as they appeared in the trial court wherein plaintiff by his next friend obtained a judgment, upon a motion, against defendant and W. S. Marts for the sum of $2,500.00 for injuries sustained when struck by an automobile being operated by W. S. Marts.

Defendant Stella Barnes resided at 62 Church street, Norfolk, and was the owner of a Buick automobile which she sometimes drove herself, but which was usually driven by Marts when she was riding therein. He also resided at No. 62 Church street and on several occasions had driven this car for his own pleasure, or convenience, as well as when on missions for its owner. He was not employed by defendant.

On Sunday afternoon October 17, 1926, Marts took the car to Ocean View where defendant was spending the day and night, using the same at her request to bring to the View for a social call some friend of defendant. She also requested him to take the friend back to Norfolk about eight miles, and to bring certain articles from the city residence to the View, and to be back by six P. M.

Under these instructions he took the friend back to Norfolk in the afternoon, but did not bring back to Ocean View the articles she had requested him to get, nor did he go back to the View at all. Between nine and ten o'clock at night Marts while driving this car on Park avenue in the direction of Virginia Beach, and in a different section of the city, struck and injured the plaintiff, an infant of about twelve years, as a result of which a joint judgment was obtained against him and the plaintiff-in error for $2,500.00.

The error assigned in the petition is in the following words:

"The court erred in having overruled the defendant's

motion to set aside the verdict as contrary to the law and evidence and grant a new trial, and for having refused to set aside the verdict and enter up judgment for the defendant because the verdict against your petitioner was plainly wrong and without evidence to support it.

"Your petitioner says that the court erred in not sustaining its motion for the following reasons:

"1. That there was no relationship of master and servant between the defendant, Marts, the operator of the car, and your petitioner.

"2. That the defendant, Marts, was operating her car without her direction, knowledge or consent.

"3. That if Marts had been operating with her permission she is not liable."

[1] The notice of motion alleges that when plaintiff was injured on Park avenue the automobile was "being operated at the time by William S. Marts, who at that time was operating said automobile as the servant and agent of Stella Barnes." This allegation was denied by affidavit of defendant filed in accordance with section 6126, Code of Virginia. This placed upon the plaintiff the burden of proving the essential allegation charged, namely, that Marts was the servant or agent of defendant at the time of the injury to the child on Park avenue in that subdivision of Norfolk known as Brambleton.

[2, 3] This case is before us as upon a demurrer to the evidence, and can only be set aside when there is no sufficient evidence to support the verdict of the tjury.

The evidence relied upon to establish the relation of master and servant, indeed the only evidence on the subject, is that of the defendant and Marts, and from their statements it seems clear that Marts in his trip

to Ocean View in the car and his return with defendant's friend, was acting for and under the direction of defendant. The same witnesses that establish this fact are equally as clear and emphatic in their testimony, when they say that Marts was not directed or authorized to use the car during the night of the accident and was not on any mission for the defendant at that time.

We have been able to find no evidence in the record in conflict with these statements, and not being inherently incredible the jury were unauthorized in rejecting them. The jury may have disbelieved both of these witnesses, and their testimony may have been in fact untrue, but mere beliefs or surmises are not sufficient. There must be some evidence in order to support the verdict and we are unable to find any in the record of this case.

[4] It is entirely true that the relation of master and servant being once established, places upon those attempting to escape its legal consequences the burden of showing the relation to have terminated at the time of the accident: *Crowell* v. *Duncan*, 145 Va. 489, 134 S. E. 576, 50 A. L. R. 1425.

Whether or not the affidavit filed under section 6126 of the Code shifts the burden in this particular instance, it seems unnecessary to consider for, in either event, she has overcome the burden and established the nonexistence of the relation at the time the injury was inflicted upon the plaintiff, by positive and uncontradicted evidence.

The defendant not being in the car at the time of the accident, can only be required to answer for Marts' wrongful acts, provided he was acting for her, or was subject to her orders or control.

[5] "The doctrine of *respondeat superior* applies only

where the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the *time and in respect to the very transaction out of which the injury arose."* *Blair* v. *Broadwater*, 121 Va. 301, 308, 93 S. E. 632, 634 (L. R. A. 1918A, 1011).

[6] The doctrine seems well established that the use by one person of the car of another, for the pleasure, convenience or business of the party so using same, does not render the owner liable for injuries resulting from the negligent use thereof. *Blair* v. *Broadwater*, *supra; Cohen* v. *Meador*, 119 Va. 429, 89 S. E. 876; and *Kidd* v. *DeWitt, Jr.*, 128 Va. 438, 105 S. E. 124.

"Any driving for the chauffeur's own pleasure, at times, or to places not authorized expressly or by implication by the employer, does not constitute driving for the employer, and an injury occurring while so driving will not bind the employer." Huddy on Automobiles, page 295, quoted with approval in *Kidd* v. *DeWitt, Jr.*, *supra*, as is also the following from *Danforth* v. *Fisher*, 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670:

"Where a chauffeur was told to take the defendant's car to a hotel at a specified time, and instead takes the automobile in another direction to call on a friend, and while returning runs against plaintiff's horse, which ran away and injured plaintiff, defendant is not liable for the injuries, a master not being liable for an injury caused by his servant not acting within the scope of his employment."

It follows that the judgment of the trial court must be set aside in so far as it affects Stella Barnes, and a judgment in her behalf entered in this court.

*Reversed.*