# Richmond

A. B. Brown and Oliver Farm Equipment Sales Company
v. Thomas D. Waltrip.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*James H. Price* and *Ashton Dovell*, for the plaintiffs in error.

*B. D. Peachy*, for the defendant in error.

Holt, J., delivered the opinion of the court.

This is another claim for damages suffered in that automobile accident which we have this day dealt with in the cases of *A. B. Brown, et al.* v. *Frank J. Lee*, ante, page 284, 189 S. E. 339, and *A. B. Brown, et al.* v. *Robert Parker*, ante, page 286, 189 S. E. 339. What has been said in them applies here *mutatis mutandis* modified in this. Waltrip's claim is for property damage and the defendants introduced testimony in the trial court, which was not done in the two companion cases. Waltrip was the owner of the Ford truck which he loaned to Lee for a purpose in which he was no wise interested. When it was in Lee's possession he was in complete control and was working with it for himself.

Brown was the servant and agent of the defendant company and at the time of the accident was acting within the scope of his employment.

Waltrip's truck was damaged in the collision, according to a jury's verdict, in the sum of $300. That verdict the trial court has confirmed.

What weight is to be given to Brown's evidence? He tells us "that he saw a car coming, that it was a good long ways up the road and in his opinion he had ample time to cross the highway; that he had brought his car to a stop, that he started up in low gear and shifted to second; that as he had nearly completed the crossing of the road, he realized that the truck was right on him, and that it was running at a speed beyond any speed he had any idea it was traveling at when he first saw it," and that when he shifted to low gear and started to cross the road the truck was three hundred feet away.

In the petition for a writ of error it is stated that this hard surface road is thirteen or fourteen feet wide. That doubtless is the width of its paved portion. If Brown stopped his car at its edge, and if he traveled across it at the rate of

three miles an hour, which is about as slow as a car can be driven, and if when he started across the track the truck was three hundred feet away, then it must have been traveling at about seventy-five miles an hour. The plaintiff's evidence is that its speed was from twenty to twenty-five miles an hour. If Brown was traveling faster at the crossing, then of course the speed of the truck must have been correspondingly greater. Brown does not tell us exactly where he stopped his car. It is fair to presume that it was some distance back from the actual crossing. If that be true, and if he then undertook to cross, first in low and then in second gear, in front of this oncoming truck running free, and was struck because he had underestimated its speed, his negligence becomes a jury question, decided, as we have seen, against him.

The doctrine of the last clear chance cannot be successfully invoked. That avenue of escape is not a one-way road. If Lee had such a chance, Brown had a like chance. Let us assume that Lee alone had this chance. Such a chance is built around the idea that notwithstanding the negligence of both parties, Lee, with ordinary care, had a clear chance to avoid the accident. In such circumstances as between Lee and Brown, Lee would be liable, but his negligence cannot be imputed to Waltrip, who, so far as this transaction is concerned, was not his master, was not jointly interested in the venture and who had in fact no interest therein at all.

It does not appear from the bills of exception that objections were made to instructions when given. Therefore they are the law of the case. It is true that exceptions were taken to them after the verdict and on a motion to set it aside, but they came too late. This, however, is unimportant for the instructions are free from reversible error.

The injury suffered was single and indivisible. Those responsible therefor, Lee and Brown, are jointly and severally liable, and since Brown is liable, his master, Oliver Farm Equipment Sales Company, is liable.

The judgment of the trial court should be affirmed, and it is so ordered.

*Affirmed.*