# Richmond

JUNE PENOSO v. D. PENDER GROCERY COMPANY.

February 24, 1941.

Record No. 2316.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*A. A. Bangel,* for the plaintiff in error.

*Venable; Miller, Pilcher & Parsons,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This case arose out of a collision between an automobile and a truck. At the conclusion of plaintiff's evi-

dence in the trial below, the court granted defendant's motion to strike the evidence and on its own motion instructed the jury that there was no evidence in the case on which they might find for the plaintiff. Despite this, the jury returned a verdict for the plaintiff in the amount of $500. Thereupon defendant moved that this verdict be set aside as contrary to the law and evidence, and the court sustained the motion.

The question which we are called upon to decide is whether plaintiff's evidence revealed that she was guilty of negligence as a matter of law and hence precluded from recovering, or whether a jury question was presented.

No evidence was introduced on behalf of the defendant. The circumstances of the accident, as disclosed by the testimony of the plaintiff and two police officers, were as follows: About 8:30 on the evening of December 14, 1939, Mrs. June Penoso, the plaintiff, was driving northward on Chestnut Street in Portsmouth. As she reached the intersection of Chestnut Street and County Street, she stopped, looked both ways, and proceeded into the intersection. As she reached the far side of the intersection, her car was struck almost broadside by defendant's truck, which was proceeding westward on County Street. Plaintiff's car was damaged considerably, and she suffered physical injuries which she testified had continued to the time of the trial.

Mrs. Penoso testified that when she looked to her right up County Street she saw the headlights of the defendant's truck. She estimated that it was about "a half a block" away, and when pressed more closely said this distance was sixty to seventy feet. She proceeded into the intersection and did not see the truck again until it was virtually upon her—some five or ten feet away.

When she first saw the truck she assumed its speed to be about fifteen miles per hour, but said that in view of the ensuing circumstances it "must have been" going thirty or thirty-five miles per hour.

It is not necessary further to relate the testimony in the case. Mrs. Penoso in her own testimony has set forth that, from a full stop, she started into an intersection in the path of a vehicle some seventy feet away. She further said that although her car was moving slowly and could have been stopped at any time, she did not apprehend the collision until the oncoming truck was some ten feet away. The inescapable conclusion is that she was not keeping a proper lookout. She testified that there was no other moving vehicle in sight, and the fact that she did not pay continuing attention to the one dangerous agency confronting her makes her negligence the more serious.

It is true that one entering an intersection may presume that cars on the intersecting street are being operated lawfully, and that the duty to maintain a proper lookout does not extend beyond a reasonable distance in each direction. However, one may not wantonly project himself into a dangerous situation, no matter how serious the derelictions of the other party. Where a person realizes or should reasonably realize that the actions of another have created a dangerous situation, there is a duty to avoid the consequences of that situation.

When plaintiff observed the approaching truck, which was dangerously near the intersection at the time, the duty devolved upon her either to wait for it to pass or *in any event* to watch it closely and avoid it should a collision appear to be imminent. This she might have done, for her car was moving slowly. As is pointed out by Mr. Justice Spratley in *Yellow Cab Company of Virginia* v. *Gulley,* 169 Va. 611, 194 S. E. 683, the duty to maintain a lookout involves not only the physical act of looking, but also a reasonably prudent reaction to whatever might be seen. In failing prudently to react to the obvious danger of the oncoming truck, Mrs. Penoso was guilty of negligence.

It is true that questions of negligence, contributory negligence, and proximate cause are generally for

the jury. However, where the derelictions of a party are of such a degree that no reasonable man could fail to deem them negligence, and where the causal connection between these derelictions and the injury complained of is perfectly plain, the court may withdraw these questions from the jury. There is no jury question where reasonable minds may not conflict.

■ Once the negligence of the plaintiff is settled, all other questions go out of the case. We have no doctrine of comparative negligence in Virginia in such cases; the disclosure of negligence on the plaintiff's part provides the defendant a complete defense and precludes any recovery by the plaintiff. The doctrine of the last clear chance was not invoked or disclosed by the evidence in the case at bar. The court below was correct in instructing the jury that there was no evidence on which to find a verdict for the plaintiff.

■ There is no merit in the other assignments of error. Since there was no evidence bearing upon defendant's negligence, any instructions relating thereto would have been vain. The court was correct, therefore, in refusing to grant the instructions offered by plaintiff.

The jury either misunderstood or disregarded the court's instruction that there was no evidence upon which they might find for plaintiff. In either event, the court was correct in setting aside their verdict and entering final judgment for the defendant.

*Affirmed.*