# Staunton

## John C. Greenleaf, Jr. v. G. E. Richards.

September 10, 1941.

Record No. 2403.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Duke & Duke* and *Homer Richey,* for the plaintiff in error.

*R. O. Norris, Jr.* and *John S. Chapman,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Automobiles driven by Greenleaf and Richards respectively, collided at the intersection of Highway No. 29 and Highway No. 33. This intersection is in Greene county, near Ruckersville, sixteen miles north of Charlottesville. Richards' action against Greenleaf resulted in a verdict and judgment in his favor.

The presence of the alleged contributory negligence of Richards is the single question to be decided; the jury has resolved it in his favor, therefore our review is limited to ascertaining whether or not there was evidence to justify the jury in finding Richards free from contributory negligence.

Highway No. 29 runs approximately north and south, while Highway No. 33 runs east and west. The intersection, at the time of the collision, was a dangerous one. It has been described as one of the most dangerous in the State. No. 29 is an arterial highway, but drivers of automobiles proceeding to the north are warned by a plain highway sign that they must reduce their speed to 15 miles per hour. Those proceeding to the east on No. 33 are warned by a proper highway sign to stop before crossing No. 29.

The collision occurred about 2:30 p. m. Richards, with five passengers in his 1938 Chevrolet automobile, was going east on No. 33. He and a Mrs. Carter had driven from a point in Lancaster county to Harrisonburg, where they were joined upon their return by four young ladies who were students at Madison College and who lived in or near Lancaster county. One of them was a daughter of Mrs. Carter. They were going home for the Christmas holidays.

Greenleaf, a student at the University of Virginia, left Charlottesville around 2 p. m. He had a companion with him and they were driving to Long Island, New York, where Greenleaf lived. He was proceeding to the

north over No. 29 at approximately 50 miles per hour. At the northeast and southeast corners of the intersection were gasoline filling stations.

Richards stopped before entering the intersection at a point where he could see both to the north and south on No. 29. He saw no car approaching on that highway from either the south or the north. At a point about 500 feet south of the intersection there is a dip in No. 29 which obscures the vision of a car coming from the south. Richards proceeded slowly to negotiate the crossing. He stated that he did not again look to the south on No. 29 because his attention was directed to other cars leaving the filling station at the southeast corner of the intersection. Before he had gotten entirely across No. 29 his car was struck on the right front by the automobile being driven by Greenleaf. There were tire marks on the highway showing that Greenleaf had been applying his brakes for at least 53 feet before the impact.

Richards instituted his action for $1,000, of which he claimed $500 for injury to one of his fingers and $500 for damages to his automobile. Greenleaf filed a cross-claim for $300 damages to his car. The jury found in favor of Richards for damage to his car in the amount of $450. His personal injury claim was not allowed.

■ ■ The jury's verdict has established the primary negligence of Greenleaf. The evidence abundantly sustains the finding. Code, section 2154 (109), (4), provides that any person who shall drive on any highway in this State at a speed in excess of that "fixed by the State Highway Commission * * * for congested areas or curves, * * * or other dangerous points on the highway, where * * * such points are clearly indicated by markers or signs * * * " shall be guilty of a misdemeanor. On Highway No 29 there was a marker or sign at a point 419 feet south of the intersection warning drivers proceeding to the north to reduce their speed to 15 miles per hour. There was also a plain intersection sign at

a point 505 feet south of the intersection. At a point 338 feet south of the intersection there was a marker informing drivers that they were approaching Highway No. 33, and at a point 207 feet south of the intersection was a sign marking the southern limits of the town of Ruckersville. The evidence for the plaintiff discloses that the defendant, Greenleaf, failed to heed these warnings and drove in excess of 15 miles per hour into the right front of plaintiff's car, and that his negligent conduct was responsible for the damage to the plaintiff's car.

Unless Richards was guilty of contributory negligence as a matter of law, we cannot disturb the verdict. The trial court permitted the jury to measure his conduct. This action of the court was proper. The uncontradicted evidence discloses that Richards heeded the stop sign on Highway No. 33 and stopped his car at a point where he could see to the north and south on Highway No. 29; that he looked in both directions before proceeding; that the Greenleaf car was not in sight, and that Richards drove carefully into the intersection. After he started into the intersection his attention was directed to vehicles leaving one of the filling stations on the east side of No. 29, and therefore he never saw the Greenleaf car until the moment of impact. The failure of Richards to see the approaching Greenleaf car when he looked is attributed to the fact that it was in the dip some 500 feet south of the intersection and obscured from his view.

 The evidence unquestionably warranted the trial court in submitting the presence or absence of negligence of both the plaintiff and the defendant to the jury.

We have recently approved the submission of these questions to the jury in intersection cases. See *Otey* v. *Blessing,* 170 Va. 542, 197 S. E. 409; *Angell* v. *McDaniel,* 165 Va. 1, 181 S. E. 370; *Brown* v. *Waltrip,* 167 Va. 293, 189 S. E. 342; *Temple* v. *Moses,* 175 Va. 320, 8 S. E. (2d) 262; *Temple* v. *Ellington,* 177 Va. 134, 12 S. E. (2d) 826.

In *Penoso* v. *D. Pender Gro. Co.*, 177 Va. 245, 13 S. E. (2d) 310, Mrs. Penoso testified that she saw the defendant's truck and proceeded into the intersection when the oncoming truck was only 60 or 70 feet away. We held her guilty of contributory negligence, in that her duty required her to wait until the truck passed. She was moving slowly. The facts in that case and this are readily distinguishable.

An exception to the refusal of the court to grant instruction "D" was made the basis of an assignment of error. The defendant by that instruction requested the court to tell the jury that it not only was Richards' duty "to stop and look, as required by the stop sign on route 33, but to continue to look until his car was safely across the traveled portion of U. S. No. 29 * * * ". If it were intended by this instruction to tell the jury that Richards was bound to continue looking to the south and to the north on No. 29, it was erroneous. His duty also required him to look in front and to observe the movement of other cars that were, or might be, entering the highway. It was his duty to look in all directions rather than to look in one or two directions. But in the very nature of things he could not be expected to perform the impossible and look in all directions at one time. When he stopped and looked to the south on No. 29, he did not see the Greenleaf car because it was evidently in the dip in the road and out of his sight. He had the right to cross No. 29 if he exercised the proper degree of care. He was not bound to continue to look for the Greenleaf car to the exclusion of his other duties of lookout. The instruction was erroneous and properly refused.

The judgment is affirmed.

*Affirmed*