NASH v. HOLZBEIERLEIN & SONS, Inc.

No. 824.

Municipal Court of Appeals for the
District of Columbia.

Argued July 25, 1949.

Decided Sept. 6, 1949.

Albert F. Adams, Washington, D. C., for appellant.

Harry A. Grant, Arlington, Va., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This litigation arose from a collision in Alexandria, Virginia, between a truck of plaintiff and a taxicab belonging to defendant. Plaintiff sued for the damages to its truck, and defendant counterclaimed for the amount of damage suffered by her taxicab. Trial was by jury, which awarded a verdict to plaintiff and disallowed defendant's counterclaim. Defendant brings this appeal.

The driver of plaintiff's truck testified that he was going east on Mason Avenue in Alexandria, in December 1945. Melting snow had made the street slippery. He said that as his truck approached the intersection of Mason and Commonwealth Ave-nues, his speed was approximately five miles per hour. There were no stop signs at the entrances to the intersection. Visibility was poor, the range of sight being obscured by trees along the street.[1] He testified further that he looked both ways and saw nothing until he was in the intersection. Then he saw defendant's taxicab some three car lengths away coming south on Commonwealth Avenue "at a pretty good gate." He tried to stop but could not, and his truck was then hit by the taxicab which in turn hit a guard wire, bounced back, and ended up facing north (in the opposite direction from which it had come). The impact tore the truck body from the chassis. This comprised plaintiff's case.

Defendant was the chief witness in her own behalf, as the driver of the taxicab had died before the case was reached for trial. She admitted ownership of the cab.

Concerning her relationship with the driver: "She answered that she employed him on a daily basis. She was next asked to describe the employment, and answered that he rented the cab from her, paying her Six ($6.00) Dollars per day for it. She was asked if she had any control over where it was used in the District of Columbia and stated that she had none." Subsequent attempts by defendant to explain and develop the arrangements between her and the driver respecting the use of the cab were excluded as in violation of the rule against testimony of a surviving party.[2] An accident report, signed by the driver, was also excluded. The jury, as we have said, found for plaintiff on its claim and denied defendant her counterclaim.

In her first assignment of error, defendant asserts that the plaintiff's truck driver was guilty of contributory negligence as a matter of law and that such issue should not have been submitted to the jury. On the facts as presented in the record, this contention cannot be sustained. It is true that under certain circumstances the question of contributory negligence can become one of law, but ordinarily it is an is-

---

[1] Presumably this was due to tree trunks rather than leaves, since the accident took place in the wintertime.

[2] Code 1940, 14—302, as amended June 24, 1948.

sue of fact. Such is the law of Virginia which governs here.[3] The cases in that State hold that where it depends on a state of facts, "upon which reasonable and fair-minded men might arrive at different conclusions, it is then a question for the jury, and their verdict should not be disturbed. But where the uncontroverted evidence and the direct inferences therefrom are such that reasonable and fair-minded men should not differ in their conclusions, the question then becomes one of law, and must be decided by the court."[4] Judged by this test we cannot hold that reasonable men could draw only one conclusion from the evidence here presented. A correct conclusion and judgment can be reached only after a consideration of such elements as distances, relative speeds, other traffic on the highway, width of streets, visibility, and the time within which either driver could have slowed down, stopped, speeded up, or diverted his course. And it has been held in Virginia that such elements involve matters of opinion, estimates, and judgment, and it should be left to the jury to decide such questions.[5] The mere fact that a driver failed to avoid a collision does not establish negligence, even though another person might have acted differently and more judiciously.[6] This question was properly one for the jury, and we cannot say that the verdict was contrary either to the evidence or the law.

■ Appellant also takes exception to the exclusion of an accident report filed by defendant's driver with her insurance company on the day of the collision. Defendant says it should have been admitted because it contained a declaration made against the driver's interest and because it was made in the regular course of business with her insurance company.

The alleged declaration against interest was contained in a written report by her driver to her insurance company, in which he said that at the time of the accident he was en route to his insurance company office to pay a premium on a personal insurance policy of his own. Defendant says this was against the driver's interest, since under Virginia law this admission of using defendant's taxicab for his personal use would cast the sole liability for the collision upon himself.[7] The terms of her policy, however, are not before us; nor are the terms of the rental agreement. Consequently, we cannot rule whether the contention on these grounds is valid or not. But we note in passing that the test in such matters is whether the declaration is against the interest of the person making it.

■ We think the report was not properly admissible under the claim that it was made in the regular course of business. It may be true, as counsel for appellant says, that "these reports are the life blood of the insurance business," but it is also true that defendant was potentially an adverse party to the insurance company. Neither the defendant nor the driver was an agent or employee of the insurer, and the report to the company tended to be self-serving as to defendant's interest.

■■ There is considerably more merit in another claim of error advanced by appellant. She says that the negligence of the driver of her taxicab should not be imputed to her, and argues that the relationship between her and her driver was one of bailment, rather than principal and agent or master and servant. She insists as part of this argument that it was error to exclude her offer of testimony as to the contractual relation between her and the driver of her taxicab. As above-related, she testified that she "employed" the driver; but in the next breath she also said that she

[3] We have also held such to be the law in this jurisdiction. Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269, and cases there cited.

[4] Yellow Cab Co. of Virginia v. Gulley, 169 Va. 611, 194 S.E. 683, 685. See also: Bly v. Southern Ry. Co., 183 Va. 162, 31 S.E.2d 564, 172 A.L.R. 584, adhered to on rehearing, 183 Va. 406, 32 S.E. 2d 659, 172 A.L.R. 584; Acme Markets v. Remschel, 181 Va. 171, 24 S.E.2d 430; Greenleaf v. Richards, 178 Va. 40, 16 S.E. 2d 374; Penoso v. D. Pender Grocery Co., 177 Va. 245, 13 S.E.2d 310.

[5] Slate v. Saul, 185 Va. 700, 40 S.E.2d 171.

[6] Brown v. Wallace, 184 Va. 570, 35 S. E.2d 793.

[7] Barnes v. Hampton, 149 Va. 740, 141 S.E. 836.

only rented the vehicle to him and exercised no control over him. And when her counsel offered evidence as to the details of the relationship, it was excluded on the ground that it would be in violation of the District of Columbia Code, which governed the procedural aspects of the trial, although Virginia law governed the substantive questions of negligence and liability.

We think the statute on which the offered testimony was rejected is clearly inapplicable here. We set it out in full in the margin.[8] This statute "seeks to protect only persons 'legally representing the deceased' against claims which may be fraudulent",[9] and it is clear that the defendant was not such a person. The driver was not sued in this case, and defendant did not, of course, represent him; she represented only herself as owner of the vehicle. Consequently, the testimony as to the relationship between owner and driver should have been received. Such relationship was a fundamental issue in the case, and basic to any determination of liability. For while the rule is clear that the negligence of a driver may be imputed to the owner of the vehicle when the driver is the agent or servant of the owner, the negligence of a bailee is ordinarily not so imputable, unless made so by statute.[10] This is the common law rule and governs here, even though in certain circumstances, as where the work entrusted to an independent contractor was hazardous, the contrary has been held.[11]

From the record, it appears that the only evidence of an employer-employee relation, besides that inferable from the admitted ownership of the vehicle, was defendant's perhaps inadvertent description of herself as employer. While technically this might be considered an admission, it is not sufficient to support a verdict where the record discloses that such may not actually have been the true relationship, and when an attempt to prove the contrary was refused by the court. The jury should have been permitted to hear all the evidence on this subject. As counsel has well stated it in his brief: "In not permitting appellant to show all of the arrangements and agreements between appellant and the driver respecting the use of the car, yet leaving for the jury the question of the legal relation--

---

8 "In any civil action against a person who, from any cause, is legally incapable of testifying, or against the committee, trustee, executor, administrator, heir, legatee, devisee, assignee, or other representative of a deceased person or of the person so incapable of testifying, no judgment or decree shall be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff or of the agent, servant, or employee of the plaintiff as to any transaction with or action, declaration or admission of the deceased or incapable person; and in any such action, if the plaintiff or any agent, servant, or employee of the plaintiff testifies as to any transaction with or action, declaration, or admission of the deceased or incapable person, no entry, memorandum, or declaration, oral or written, by the deceased or incapable person, made while he was capable and upon his personal knowledge, shall be excluded as hearsay." Code 1940, 14—302, as amended June 24, 1948.

9 Duckett v. Duckett, 77 U.S.App.D.C. 303, 305, 134 F.2d 527, 529. See also Rosenschein v. Citron, 83 U.S.App.D.C. 346, 169 F.2d 885.

10 Green's Ex'rs, v. Smith, 146 Va. 442, 131 S.E. 846, 44 A.L.R. 1175, rehearing denied 146 Va. 442, 132 S.E. 839, 44 A.L.R. 1175. See also our decision in National Trucking & Storage Co. v. Driscoll, D.C.Mun.App., 64 A.2d 304, wherein the District of Columbia Automobile Financial Responsibility Law was controlling, and holding that the contributory negligence of a bailee is attributable to the bailor. No such statute governs here.

11 Hodges v. Johnson, D.C.W.D.Va., 52 F.Supp. 488, and cases cited. This case involved a trucking firm operating under a franchise in interstate commerce. It was held that where public authority grants to an individual or corporation authority to engage in certain activities involving danger to the public, a right denied to the general public, the duty to safeguard the public while performing such franchise activities is legally nondelegable. It was further held that while automobiles may not in themselves be dangerous instrumentalities, freight cars operating on the highways are. The question had not been as yet determined by the Virginia court of last resort, but several Virginia cases recognizing exceptions to the general doctrine of nonliability of an employer for the acts of an independent contractor were cited. This case obviously does not control here.

ship between them, the court cast upon appellant a burden and removed from her the means of carrying it."

Reversed, with instructions to award a new trial.