## Richmond

**JAMES E. HODGE v. AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS.**

June 12, 1972.

Record No. 7820.

Present, I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*James E. Edmunds,* for plaintiff in error.

*William W. Bennett, Jr.* (*Vaughan, Slayton and Bennett,* on brief), for defendant in error.

Per Curiam.

Plaintiff, James E. Hodge, instituted this action against the defendant, American Family Life Assurance Company of Columbus, to recover $1,282.45 under an insurance policy which provided for the payment of benefits for hospital confinement and other specified expenses "resulting from accidental bodily injury." Trial by a jury was waived and the case was tried by the court. Judgment was entered for the defendant, and plaintiff is here on a writ of error.

The testimony of the plaintiff was the only evidence presented by the parties. Plaintiff's evidence shows that he operated a country store in Halifax County and he lived with his wife and two small children in a trailer located approximately thirty feet behind the store. His wife was the only other person who had keys to the store. On the night plaintiff was injured he had returned home unexpectedly around

midnight from a week-end trip. When he drove up in front of the store all of the lights were out, but he became aware that there was someone in the store. He unlocked the front door, entered the store, and a man whom he afterwards recognized as Eugene Ingram made a lunge at him. Plaintiff struck Ingram with his fist and knocked him against a cake rack, causing injury to his head. Ingram ran out of the back door of the store and cried out that plaintiff had shot him. Shortly thereafter plaintiff left the store by the back door and his wife, who was standing outside of the trailer near its door, fired two shots at him. Plaintiff testified that he had not said anything to her, and he stated that "I reckon she thought I was going to hurt her." Plaintiff went back into the store and got his unloaded pistol, which he said he customarily carried over in the morning and brought home at night. Upon entering the trailer he placed the pistol on a table in the kitchen. Approximately five minutes later his wife shot him in the side of his stomach. Plaintiff said he had neither abused, struck nor threatened his wife and he had not demanded an explanation from her as to her conduct.

On cross-examination, plaintiff was asked if he had suspected that his wife had been involved with Ingram in some way. He stated that he had not suspected anything like that.

The trial judge, in a written opinion, stated that "In general, where an insured is intentionally injured by another, without conduct on his part which might invite the injury, or make it reasonably foreseeable, the injury is considered accidental," citing 44 Am.Jur.2d, Insurance, §§ 1247, 1248, 1249, at 92-96. But, in denying plaintiff's right to recover hospital and other expenses under the terms of the policy, the trial judge stated that he did not believe plaintiff's testimony, and by reason of this disbelief "the court cannot hold that his injury was not the result of misconduct and aggression on his part and therefore an accident, even though, if his testimony is accepted at face value, this would be the case."

While a jury, or a judge trying a case without a jury, are the judges of the weight of the testimony and the credibility of witnesses, they may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with the facts appearing in the record, even though such witnesses are interested in the outcome of the case. *Epperson* v. *DeJarnette*, 164 Va. 482, 485-86, 180 S.E. 412, 413 (1935); *Barnes* v. *Hampton*, 149 Va. 743-44, 141 S.E. 836, 837 (1928).

Here plaintiff's evidence was uncontradicted; it was not inherently incredible; and it constituted the only facts appearing in the record. Even though the trial judge did not believe plaintiff's testimony, his mere belief or speculation is not sufficient to disregard the evidence. There is no evidence in the record that any misconduct or aggression on plaintiff's part caused his wife to shoot him. Hence, the trial court was not warranted in denying plaintiff's right to recover under the insurance contract.

The judgment of the court below is reversed and, since the amount claimed by plaintiff under the terms of the contract of insurance is not in dispute, final judgment is here entered for the plaintiff in the amount of $1,282.45, with interest from June 20, 1969.

*Reversed, and final judgment for plaintiff.*