COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray
Argued at Richmond, Virginia


BRADLEY SCOTT DeTUNCQ
                                    MEMORANDUM OPINION* BY
v.    Record No. 1433-00-2          JUDGE LARRY G. ELDER
                                         MAY 8, 2001
ALISON DeTUNCQ


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                 Paul M. Peatross, Jr., Judge

          John K. Taggart, III (Patricia D. McGraw;
          Tremblay & Smith, LLP, on briefs), for
          appellant.

          Ronald R. Tweel (William C. Scott IV; Michie,
          Hamlett, Lowry, Rasmussen & Tweel, P.C., on
          brief), for appellee.


     Bradley Scott DeTuncq (father) appeals from a ruling of the

Circuit Court of Albemarle County (trial court) increasing his

monthly obligation to Alison DeTuncq (mother) for the support of

the parties' minor child.  On appeal, he contends the trial

court erroneously calculated both his and mother's gross income

and erroneously refused his request for an award of attorney's

fees.  We hold the trial court did not abuse its discretion, and

we affirm the award.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

In a hearing on a petition for modification of child support, the burden is on the moving party to prove a material change in circumstances that warrants a modification of support. See, e.g., Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). "Decisions concerning . . . [child] support rest within the sound discretion of the trial court . . . ." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it." Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

In computing a party's gross income from which child support obligations are calculated, Code § 20-108.2(C) requires the inclusion of "all income from all sources." Such income includes bonuses, see Code § 20-108.2(C), but should not include income "premised upon the occurrence of an uncertain future circumstance," Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (applying this principle in the context of spousal support). Such income also "shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business." Code § 20-108.2(C).

A.

FATHER'S INCOME

Father claims the figures used by the trial court to calculate his gross income were speculative because they were based on possible future profits only and failed to take into consideration, as required by statute, the reasonable business expenses required to generate those profits. He also contends the trial court should have used his net income for 1999, as testified to by his company bookkeeper. We disagree.

First, the profits earned by father during the part of the Dogwood Lane construction contract already performed were not speculative. The evidence established that father had been working pursuant to the Dogwood Lane contract for five full months before the January 2000 modification hearing, and he conceded that he had been receiving a draw during that time. Furthermore, Rita Pace, father's bookkeeper, was able to compute income and expense figures related to that contract for use on father's 1999 federal income tax returns, although those returns were not offered into evidence at the hearing. Although it is true that father ultimately could lose money on the contract as a whole, such a loss would provide father with a basis for seeking a subsequent modification of the child support award; that possibility did not render speculative the income father had earned under the contract prior to the time of the support hearing. See, e.g., Yohay, 13 Va. App. at 566, 359 S.E.2d at

-

324 (noting that court modifying child support award must consider "the present circumstances of both parties").

Second, the trial court acted within its discretion when it determined father's monthly gross income to be $9,796. Although Code § 20-108.2(C) provides that gross income calculations "shall be subject to deduction of reasonable business expenses for persons with income from self-employment," a parent seeking such a deduction bears the burden of proving his entitlement to those deductions to the satisfaction of the trier of fact. Here, once mother offered evidence of father's gross business revenue, the burden shifted to father to offer evidence (1) of a different gross amount, if he disputed mother's figure, and (2) of the amount of his reasonable business expenses to be deducted from gross income. Here, father offered no direct evidence of his gross receipts from the Dogwood Lane project during 1999 and did not dispute mother's figures other than with his assertion that they remained speculative until the entire contract had been performed. Further, although father offered evidence of his business expenses related to the Dogwood Lane project during 1999, the trial court, in its role of assessing witness credibility, was entitled to reject that evidence, as testified to by Rita Pace, who was both the company's bookkeeper and father's girlfriend with whom he lived and shared expenses. Father offered little supporting documentation for these

-

expenses, choosing to rely almost exclusively on the bookkeeper's testimony.

We recognize Supreme Court precedent that a trial court may not "arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with the facts appearing in the record, even though such witnesses are interested in the outcome of the case." Hodge v. American Family Life Assurance Co., 213 Va. 30, 31, 189 S.E.2d 351, 353 (1972). However, this is not what occurred here. Although Pace's testimony was not inherently incredible, her statements regarding father's annual income and expenses from 1996 to 1999 could be viewed as inconsistent with mother's evidence of father's expenditures during those same years. Thus, the trial court was entitled to question the veracity of all of Pace's testimony even though mother did not offer specific conflicting evidence of father's expenses on the Dogwood project. The trial court's implicit rejection of Pace's testimony was not improper, and without credible evidence of father's business expenses, the court was entitled to use the profit figure offered into evidence by mother.

The trial court also was not required to accept the income figures father planned to use on his 1999 federal income tax return. These figures, like the business deductions, came into evidence through Pace, father's girlfriend, and father offered no documentation to support these figures. Although the

-

parties' separation agreement required the annual exchange of income tax returns, it did not purport to provide that these returns were the only acceptable evidence of the parties' income for purposes of calculating child support.

Mother clearly did not agree with father's assertion that his income tax figures were the most accurate indication of his annual income, for she presented evidence tending to indicate his earnings were greater than reflected by his tax returns, based on both discrepancies between the deposits and withdrawals from his only bank account and evidence of the things on which he spent money and the amounts he spent. The trial court accepted mother's argument, for it concluded that "[i]t . . . appears . . . [father] was not forthright in the amount of his true income." Although the trial court made this finding in ruling on father's request for attorney's fees, it nevertheless constitutes a finding relevant to our review of the court's calculation of "the amount of [father's] true income."

Finally, even if the parties' separation agreement had provided that their federal income tax returns were binding as to their income for the purpose of determining child support, it was the duty of the trial court to determine support pursuant to the statute with the best interests of the child as "the paramount and guiding principle," and it could not have been bound by such an agreement. Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 474 (1991).

-

For these reasons, we hold the trial court did not abuse its discretion in calculating father's "gross income" for child support purposes.

B.

MOTHER'S INCOME

Father contends the trial court erroneously calculated mother's income by failing to include a $3,000 bonus. We disagree. The evidence indicated that mother received a $3,000 bonus in 1999, when her salary was $95,000, resulting in a total annual income of $98,000. No evidence indicated that mother could expect to receive a bonus in 2000, when her salary was $101,000. Thus, the trial court did not err in concluding that mother's income was $101,000. Cf. Smith v. Smith, 18 Va. App. 427, 434, 444 S.E.2d 269, 274 (1994) (holding that trial court does not abuse its discretion in failing to include in parent's gross income capital gains not realized contemporaneously with child support hearing); Goldhamer v. Cohen, 31 Va. App. 728, 737 n.2, 525 S.E.2d 599, 603 n.2 (2000) (further interpreting Smith); id. at 739, 525 S.E.2d at 604 (Elder, J., concurring) (same). Any other figure would be speculative and would violate the very principles that father advances so forcefully in regard to the calculation of his own income.

-

C.

ATTORNEY'S FEES

Father contends that he was entitled to an award of attorney's fees because no evidence established that he was dilatory in providing his 1998 income information to mother or that the figures he provided were inaccurate. We hold the trial court did not abuse its discretion in refusing to award attorney's fees to father pursuant to the parties' agreement. The agreement provides for an award of attorney's fees to a "party whose position substantially prevails" or a "non-breaching party" whose "position relative to such breach is substantially maintained by settlement or court order." Here, the evidence, viewed in the light most favorable to mother, indicates that father was not a "prevailing" or "non-breaching party" because he did not provide mother with his financial information for 1996 through 1998 until sometime in 1999. Further, father's position regarding the amount of his income was not "substantially maintained" by order of the trial court or this Court. Thus, the trial court did not err in refusing father's request for an attorney's fees award.

II.

For these reasons, we hold the trial court did not abuse its discretion in calculating father's or mother's gross income

-

or in refusing father's request for an award of attorney's fees.

Thus, we affirm the trial court's ruling.

<u>Affirmed.</u>