COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Frank and Clements
Argued at Richmond, Virginia

BILLY RAY SEAL

v. Record No. 1616-00-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
OCTOBER 16, 2001

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

Andrew G. Wiggin (Donald E. Lee, Jr. and Associates, on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Billy Ray Seal was convicted in a bench trial of statutory burglary with intent to commit assault and battery in violation of Code § 18.2-91 and assault and battery in violation of Code § 18.2-57. On appeal, he contends (1) the evidence was not sufficient to sustain the convictions and (2) the trial court applied the wrong standard of proof to convict him. Finding no error, we affirm the convictions.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

## A. SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Seal concedes the victim, Jacques Plouffe, told Seal he could not enter the townhouse that night. He contends, however, the Commonwealth failed to prove his entry was illegal because he had permission from the co-tenant, Erin McCrea, to enter at will. Thus, he argues, he could not be convicted of burglarizing the townhouse.

The Commonwealth preliminarily contends Seal's argument is procedurally barred because it was never made to the trial court, or, if made, was subsequently waived. We disagree with the

Commonwealth and find that Seal's argument is not procedurally barred.

During closing argument, the trial court asked Seal's attorney whether Seal had the right to come in the townhouse even though Plouffe, the co-lessee, told Seal he could not come in. Seal's attorney, who argued that McCrea had given Seal "blanket permission" to enter the residence any time responded:

> Judge, I know that if I have permission from someone to go to their house for whatever the reason may be, and I have no idea and no reason to know that there's somebody else there that can tell me that I can't do that, then I feel like I have the right to do what — what I was granted permission to do in the first place, and that is to go in for whatever reason.

Based on this exchange and the discussion that followed, we are able to conclude that the argument presented to the trial court is the same argument Seal makes on appeal. Thus, the trial court and the Commonwealth were given the opportunity to intelligently address, examine, and resolve this issue in the trial court. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

The Commonwealth contends, however, that Seal subsequently waived his argument in the following exchange between the trial judge and Seal's attorney:

> THE COURT: [B]ut do you have the right to say, "Well, Erin says it's okay for me to come in; but this guy says I can't; so I'm going to push my way in." Does he have the right to do that?

> COUNSEL: No, Judge. I don't think necessarily you do . . . .

We find, based upon our review of the entire exchange between the court and counsel for Seal, that Seal's counsel, in this particular portion of the discussion, is merely conceding that the assault described by the judge would not be legally justified. We do not construe counsel's comments to be a waiver of Seal's present claim that he cannot be convicted of burglary because he was given permission by McCrea to enter the residence. Thus, the issue of whether the evidence presented was sufficient to prove beyond a reasonable doubt that Seal's entry of the residence was illegal is properly before us on appeal. See Cottee v. Commonwealth, 31 Va. App. 546, 559-60, 525 S.E.2d 25, 31-32 (2000).

The evidence proved that, at the time of the subject incident, Plouffe lived in a townhouse at 430 Falling Lane in Virginia Beach with McCrea. Each had a separate lease for and access to the entire townhouse. Plouffe admitted he did not need McCrea's permission to have guests come to the residence, but, as a common courtesy, he had guests over without her permission only when he was there.

At approximately midnight on November 13, 1996, Seal came to the residence and knocked on Plouffe's door. McCrea was not home. When Plouffe opened the door, Seal told him that Seal's girlfriend, Elizabeth, had just been in a car accident on the

street. Seal asked to use Plouffe's phone. Plouffe had never met Seal and did not know him. Because Plouffe smelled alcohol on Seal, Plouffe told Seal he could not come in. Seal did not tell Plouffe that McCrea had given him permission in the past to come in whenever he wanted. When Plouffe began to shut the door, Seal pushed it open, shoved Plouffe aside, and entered the residence.

As he came in, Seal called out to his cousin, Michael Smith, who had been parking the car, "Mike, he's here." Seal then attacked Plouffe, forcing Plouffe to defend himself. At that point, Smith entered the residence and pulled Plouffe off Seal. Seal and Smith then threw Plouffe onto the couch and repeatedly punched him in the face and head. The two assailants fled, and Plouffe called 911. Later that night, Plouffe identified Seal and Smith to the police as his attackers.

Smith testified for the Commonwealth. He claimed he and Seal had gone to McCrea's house to "[b]asically go to talk to Jacques." While Smith parked the car, Seal went to the door. Smith saw the two men arguing and then "disappear[ ] inside the house." Smith further claimed that, when he entered the townhouse, Plouffe was holding Seal against a wall. Smith grabbed Plouffe only to pull him off Seal and "break it up." Smith further testified that, in the past, McCrea had given him permission to go to her home regardless of whether she was there. He did not need permission every time he went to the townhouse, Smith stated. Smith admitted

that Seal and he had not been given specific permission to go to the townhouse that night.

Testifying for the defense, McCrea stated there were no restrictions in her lease regarding whom she could invite to her townhouse or when visitors could come. Seal, a friend of hers, had permission to be at her home any time he wanted, McCrea said, even when she was not there. At trial, McCrea stated she no longer lived with Plouffe, disliked him, and found him to be untruthful.

Under Code § 18.2-91, a person who commits an act proscribed by Code § 18.2-90 with the intent to commit assault and battery is guilty of statutory burglary. Code § 18.2-90 provides, in relevant part, that an unlawful act is committed by one who "in the nighttime enters without breaking . . . a dwelling house." In construing these statutes, we have said that "Code §§ 18.2-90 and 18.2-91 expand traditional burglary to include entry without breaking in the nighttime." Turner v. Commonwealth, 33 Va. App. 88, 92, 531 S.E.2d 619, 621 (2000) (footnote omitted).

Here, the evidence proved that Seal entered Plouffe's home at approximately midnight. Thus, because Seal entered Plouffe's dwelling house in the nighttime, the Commonwealth was not required to prove that Seal broke into the residence.

Whether Seal's entry was made with permission from McCrea, the co-tenant, is a question for the fact finder. See Snyder v. Commonwealth, 220 Va. 792, 793, 263 S.E.2d 55, 59 (1980). Plouffe

testified that he felt it was common courtesy to be home when he invited guests to the house without McCrea's knowledge or permission. Neither McCrea nor Seal told Plouffe that Seal had been given "blanket permission" by McCrea to come in whenever he wanted. McCrea was not home that night, and she had not given Seal specific permission to come inside the house at midnight in her absence. Moreover, Seal was not there to visit McCrea, but to confront Plouffe, who did not know him. Seal even went so far as to concoct a false story in his effort to gain entry into Plouffe's home.

The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve in part or in whole the testimony of any witness. Rollison v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the trial court was not required to accept the testimony of Smith and McCrea that Seal had permission to enter Plouffe's residence at will. Indeed, the record clearly reveals that the trial court found McCrea's testimony that Seal had her permission to truly enter the house any time he wanted, including, as the court pointed out, in the middle of the night while she was asleep or when she was not there, implausible. See Legions v. Commonwealth, 181 Va. 89, 92, 23 S.E.2d 764, 765 (1943) (noting that judges are not required to believe that which they know from their common sense, knowledge of human nature, and knowledge of human experience is inherently incredible). Moreover, such

testimony by Smith and McCrea was inconsistent with Seal's concoction of a story to gain entry into the house and his failure to tell Plouffe he had McCrea's permission to enter. Thus, the trial court was entitled to question the veracity of that testimony. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986) (noting that, when the testimony of an unimpeached witness conflicts with other evidence, the weight given to the evidence and the credibility of the witness are questions for the fact finder to determine). Based on our review of the record, we cannot say the trial court's determination was plainly wrong or without credible evidence to support it. We hold, therefore, that the evidence was sufficient to support the trial court's finding that, under the circumstances presented, Seal did not have permission to enter Plouffe's dwelling house that night.

Seal's further argument that the legislature did not intend to eliminate the defense of consent or lack of trespassory conduct is likewise without merit under the circumstances of this case. The resolution of this question is controlled, we conclude, by our decision in Clark v. Commonwealth, 22 Va. App. 673, 472 S.E.2d 663 (1996), aff'd en banc, 24 Va. App. 253, 481 S.E.2d 495 (1997), the facts of which are analagous to this case. In Clark, the accused was convicted of statutory burglary for entering a store in the nighttime during business hours and subsequently committing robbery. Addressing Clark's claim that he entered the store with

permission, we noted that "'[i]t would be an impeachment of the common sense of mankind to say that . . . a thief who enters the store with intent to steal does so with the owner's consent and upon his invitation.'" Id. at 677, 472 S.E.2d at 665 (alteration in original) (quoting Johns v. Comomnwealth, 10 Va. App. 283, 287, 392 S.E.2d 487, 489 (1990) (internal quotations omitted)). We held that, "under Code § 18.2-90, a person who enters a store intending to commit robbery therein, enters the store unlawfully." Id. at 674, 472 S.E.2d at 663; see also Davis v. Commonwealth, 132 Va. 521, 524, 110 S.E. 356, 357 (1922) (citing with approval cases holding that if a person who is "fully authorized to enter for purposes within the scope of the employment or trust enters . . . to commit [robbery], he will be guilty of burglary"). Applying the same rationale to this case, we hold that, because Seal entered the dwelling house of Plouffe in the nighttime with the intent to assault and batter him, his entry was unlawful.

Seal also contends the evidence was not sufficient to prove beyond a reasonable doubt that he entered Plouffe's residence with the intent to assault and batter Plouffe. Likewise, he adds, the evidence was not sufficient to convict him of assault and battery because there was no evidence that he started the fight. We disagree with both claims.

The evidence established that Seal and his codefendant, Smith, went to Plouffe's home at midnight specifically to confront Plouffe. Seal, who had been drinking, concocted a story to gain

entry. When told he could not enter the house, Seal pushed the door open and shoved Plouffe aside, thus gaining his entry. Seal hollered to his cohort, "Mike, he's here," and then attacked Plouffe, who was forced to defend himself. When Smith rushed in the home, he and Seal proceeded to throw Plouffe onto the couch and repeatedly punch him in the face and head.

We hold the trial court, as the trier of fact, could reasonably infer from this evidence that Seal entered Plouffe's dwelling house in the nighttime with the intent to assault and batter him and that Seal did, in fact, assault and batter his victim. The convictions are not plainly wrong.

B. STANDARD OF PROOF

Seal contends the trial court erroneously applied a standard of proof of "likelihood" in convicting him of assault and battery. In making this argument, Seal relies on the following exchange between the trial court and Seal's attorney:

> THE COURT: But it appears — and again, it appears from the evidence that there is a likelihood that something happened in that townhouse that night.
>
> COUNSEL: May very well have, Judge. I'm not arguing that point. Something may have happened.

The court's statement, Seal argues, indicates that the court applied a lesser standard of proof than "beyond a reasonable doubt." Seal also asserts the trial court applied an unlawful standard of proof as to the element of intent in the burglary

conviction. As the basis for this argument, Seal relies on the trial court's stated finding "that this defendant was in this house and they were having a fight, and Erin wasn't there to let him in." The mere finding by the court that a fight occurred, Seal argues, is not, by itself, sufficient to convict Seal of assault and battery.

The Commonwealth contends that Seal's arguments were not properly preserved for appeal in accordance with Rule 5A:18. We agree with the Commonwealth.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18. The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Lee, 12 Va. App. at 514, 404 S.E.2d at 737; Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

At trial, in his motion to strike and his renewed motion to strike, Seal challenged the sufficiency of the evidence but did not raise the standard of proof arguments he makes before us. Because these arguments were not raised in the trial court, Seal's arguments on appeal are procedurally barred by Rule 5A:18. Furthermore, our review of the record in this case does

not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm Seal's convictions.

Affirmed.

Benton, J., concurring, in part, and dissenting, in part.

I would affirm the assault and battery conviction for the reasons stated in the majority opinion. However, I would reverse the burglary conviction.

The Commonwealth's evidence proved that Jacques Plouffe and Erin McCrea leased the residence. Each had an individual lease for the entire residence and had access to the entire residence. No evidence proved that the lease restricted Plouffe's or McCrea's authority to use the residence or to permit their guests to enter the residence. As tenants in common, each had a separate, distinct, and undivided interest in the property and had a right of entry to an undivided portion of the whole. Braxton v. Phipps, 183 Va. 771, 773, 33 S.E.2d 650, 651 (1945); In re Estate of Rogers, 473 N.W.2d 36, 40 (Iowa 1991). Furthermore each had a right to "'use the premises for any lawful purpose consistent with the character of the premises.'" Branner v. Kaplan, 138 Va. 614, 619, 123 S.E. 668, 669 (1924) (citation omitted). That right included each tenant's common authority to permit access and entry by third persons to the premises. "As a tenant in common of [real property, a person's] right to use and occupy the premises clearly includes the right to grant a license to his guests to [enter and] use the premises." Race v. Meyer, 640 N.Y.S.2d 664, 667 (N.Y. App. 1996). Moreover, as the United States Supreme Court has more broadly recognized, the mutual use of property by persons having

joint access and control is a sufficient basis to conclude that any one such person has the right to permit a third person lawfully to enter the premises. United States v. Matlock, 415 U.S. 164, 171 n.7 (1974). See also United States v. Mitchell, 209 F.3d 319, 324 (4th Cir. 2000).

In a prosecution for burglary, the Commonwealth bears the burden of proving beyond a reasonable doubt that the entry by the accused was unauthorized. Davis v. Commonwealth, 132 Va. 521, 524, 110 S.E. 356, 356 (1922). See also Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 595 (1981); Snyder v. Commonwealth, 220 Va. 792, 798-99, 263 S.E.2d 55, 59 (1980); Clark v. Commonwealth, 22 Va. App. 673, 678-84, 472 S.E.2d 663, 665-68 (1996) (Benton, J., dissenting). No evidence in this case proved the lease prohibited McCrea from authorizing third persons to enter her residence. Moreover, McCrea testified that she had expressly given Billy Ray Seal "blanket permission" to enter her residence at "any time he wanted." In addition, Michael Smith, the Commonwealth's witness who accompanied Seal to the residence, testified that McCrea previously had authorized him to enter her residence even if she was not present and that he had entered the residence on other occasions.

The evidence, therefore, was uncontradicted that McCrea had given both Seal and Smith permission to enter the apartment even if she was not present.

> While . . . a judge trying a case without a jury . . . [is] the [judge] of the weight of the testimony and the credibility of witnesses, [a judge] may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with the facts appearing in the record, even though such witnesses are interested in the outcome of the case.

Hodge v. American Family Life, 213 Va. 30, 31, 189 S.E.2d 351, 353 (1972). McCrea could not have been clearer when she testified that Seal "was a good friend . . . [and] had permission to be at my house any time." Similar to the testimony in Hodge, McCrea's testimony "was uncontradicted; it was not inherently incredible; and it constituted the only facts appearing in the record" on this issue. Id. at 32, 189 S.E.2d at 353. Indeed, her testimony was substantially corroborated by the Commonwealth's witness, who testified he had also been given similar permission by McCrea. As the Supreme Court ruled in Hodge, "[e]ven though the trial judge did not believe [the witness'] testimony, [the judge's] mere belief or speculation is not sufficient to disregard the evidence." Id. See also Phelps v. State Farm Mutual Auto Ins. Co., 245 Va. 1, 10, 426 S.E.2d 484, 489 (1993). Simply put, because the evidence proved that McCrea had given Seal permission to enter her residence, the Commonwealth failed to prove Seal's entry was unauthorized.

For these reasons, I would hold that Seal had McCrea's permission to enter the residence. He was not privileged,

however, to assault Plouffe when he entered. Thus, I would affirm the assault and battery conviction, but I would hold that the evidence was insufficient to prove beyond a reasonable doubt the burglary offense. I would reverse the burglary conviction and dismiss the indictment.