### Richmond

## LOUIS E. CHEATHAM, ET AL.

### V.

## ALBERTA GREGORY

Record No. 811057.

March 9, 1984.

Present: All the Justices.

*James R. Sheeran* for appellant.
*Bennie L. Dunkum* for appellee.

PER CURIAM.

This appeal presents the question whether an heir's grantee was a bona fide purchaser for value without notice of a will which had not been filed in the clerk's office.

The essential facts are undisputed. Thomas and Ardelia (also known as Denia) Lomax acquired two and one-half acres of land in Chesterfield County by a deed dated in 1925. Although the Lomaxes were husband and wife, they took title as tenants in common.

In August 1963, Ardelia Lomax executed a will, devising her interest in the property to Alberta B. Gregory. The will recited that the devisee was Ardelia Lomax' grandniece who had been "just like a daughter to me." Mrs. Lomax gave the will to Mrs. Gregory, who kept it in her possession from some time prior to

Mrs. Lomax' death until it was offered for probate, except for a period when it was in the hands of Mrs. Gregory's attorney.

Mrs. Lomax died without issue on February 3, 1971, survived by her husband, Thomas. Thomas Lomax died before the trial. There is no evidence that he ever knew of the existence of the will. Mrs. Gregory retained the will in her possession until July 12, 1974, when she took it to the clerk's office and offered it for probate.

Two years after his wife's death, Thomas Lomax executed a deed to Louis E. Cheatham and Ann M. Cheatham, his wife, purporting to convey to them the entire fee simple interest in the two and one-half acre parcel. The deed contained a general warranty of title with English covenants. It recited a consideration of ten dollars "and other good and valuable considerations," and further recited that the property conveyed was the same as that conveyed to the Lomaxes in 1925 and that "[t]he said Denia Lomax died intestate on March [sic] 3, 1971, without issue."

Louis Cheatham testified that Thomas Lomax was his uncle, and was then "quite old, so I did a whole lot for him." He stated that Mr. Lomax had said, "Louis, that property, I am not going to use it, you have been good to me, and go ahead and give me $400.00, and you can have it . . . get your deed drawn up and I will sign my signature to it." Cheatham testified that he went to an attorney, who suggested that he obtain a copy of the original Lomax deed to furnish a description, and that he check the clerk's records for the existence of a will. Cheatham said that he secured the assistance of a deputy clerk, who reported that no Lomax will had been filed. The attorney then prepared the deed. Lomax executed it on February 2, 1973, and delivered it to Cheatham, who had it recorded on February 26, 1973. Cheatham testified that he had paid his uncle $400.00 in cash at the time of the conveyance.

As noted above, Mrs. Gregory offered Mrs. Lomax' will for probate over a year after the deed had been recorded, and over three years after the death of Mrs. Lomax. Neither Mrs. Gregory nor any other witness testified that Cheatham had been given any notice of the existence of the will, and Cheatham denied any knowledge of it.

Mrs. Gregory brought this suit in 1976 as a bill of complaint for partition, contending that she owned an undivided one-half interest in the land by virtue of Mrs. Lomax' will, and that the Cheathams owned the other half by virtue of Mr. Lomax' deed.

After hearing evidence *ore tenus,* the trial court ruled that Cheatham was "not a bona fide purchaser for valuable consideration without knowledge." The court remarked:

> The first thing he did when he went to get the deed was to look and see if the will had been recorded, and did it on the advice of his attorney. So, he must have told his attorney there was a will, because he told him to come and check to see if it had been probated.

The court ruled that Mrs. Gregory was the owner of a one-half interest in the property and that the Cheathams owned the other half. A decree was entered directing a sale of the land and division of the proceeds. The Cheathams appeal.

Code § 64.1-95 provides, in pertinent part:

> The title of a bona fide purchaser without notice for valuable consideration from the heir at law of a person who has died . . . having title to any real estate of inheritance in this Commonwealth, shall not be affected by a devise of such real estate made by the decedent, unless within one year after the testator's death the will devising the same . . . shall be filed for probate . . . .

■ Cheatham's testimony that he paid $400.00 for the property was unrefuted. This was valuable consideration. In Virginia, a purchaser seeking the protection of the recording acts is not required to pay "fair and adequate" consideration. The statute applies if he simply has paid value. *Steinman* v. *Clinchfield Coal Corp.,* 121 Va. 611, 630, 93 S.E. 684, 690 (1917). No fraud or duress was alleged or proved. Thus, the only factual issue remaining for determination is whether Cheatham purchased the land without notice of the will.

■ The trial court's remarks indicate a suspicion that Cheatham had actual notice of the will, implying disbelief of Cheatham's positive testimony to the contrary. But this suspicion is based upon speculation rather than evidence. A trier of fact must determine the weight of the testimony and the credibility of witnesses, but may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record, even though such witnesses are interested in the outcome of the case. *Hodge* v.

*American Family Life,* 213 Va. 30, 31, 189 S.E.2d 351, 353 (1972); *Epperson* v. *DeJarnette,* 164 Va. 482, 485-86, 180 S.E. 412, 413 (1935); *Barnes* v. *Hampton,* 149 Va. 740, 743-44, 141 S.E. 836, 837 (1928).

Cheatham's testimony that he had no knowledge of the will was unimpeached, unrefuted, not inherently incredible, and not inconsistent with the other evidence. The fact that he checked the land records, on his attorney's advice, to ascertain whether a will was filed, gives rise to no inference that he had reason to believe such a will existed. A check of the land records before recording a deed is an act of simple prudence customary among lawyers. It is a neutral fact which furnishes no basis for an inference that the examiner either has, or lacks, advance knowledge of the facts such an examination might disclose.

Here, the clerk's records were silent and Cheatham cannot be charged with any knowledge imputed from them. And there is no evidence that Cheatham possessed any information which would put a prudent person on inquiry as to the existence of any flaw in the apparent devolution of title to Thomas Lomax by intestate succession.

Accordingly, the court's ruling, that Cheatham was not a bona fide purchaser without notice for valuable consideration, was unsupported by the evidence. Finding that he was entitled to the protection of Code § 64.1-95, we will reverse the decree of sale and dismiss the bill of complaint.

*Reversed and dismissed.*