**Alexandria**

JAMES R. PAYNE

v.

MASTER ROOFING AND SIDING, INC., et al.

No. 0313-85

Argued October 11, 1985

Decided February 4, 1986

414

Counsel

Peter M. Sweeny (Ashcraft & Gerel, on brief), for appellant.

Elizabeth M. Parrish (Sands, Anderson, Marks & Miller, on brief), for appellee.

Opinion

MOON, J.—James R. Payne seeks reversal of a decision by the Industrial Commission which denied him payment for emergency room treatment and subsequent care upon the grounds that no emergency existed when he entered the hospital. We reverse with instructions because the uncontradicted evidence shows that an emergency existed.

Code § 65.1-88 provides for treatment by an unauthorized physician in an "emergency" or "for other good reasons." Generally, the Commission's findings of fact are conclusive and binding on appeal, Code § 65.1-98, but where there is "no conflict in the evidence, the question of the sufficiency thereof is one of law." *City of Norfolk* v. *Bennett*, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965). This rule applies even when the uncontradicted evidence is the testimony of an interested party, so long as it "is not inherently incredible and not inconsistent with facts in the record." *Cheatham* v. *Gregory*, 227 Va. 1, 4, 313 S.E.2d 368, 370 (1984).

James R. Payne fell from a roof on April 1, 1984, and was treated by Dr. Antoun, Dr. Russo, and Dr. Bortnick. On June 6, 1984, Payne was examined again by Dr. Antoun, at which time

the doctor told Payne to return to light work beginning June 16, 1984. Payne's wife and Payne both testified that he continued to be in pain for two days after his last visit to Dr. Antoun and that his pain had increased. Payne's wife testified that on the day of his admission to the emergency room, June 11, 1984, she had called Dr. Antoun's office repeatedly, just as she had done for several days preceding the admission. She could not reach Dr. Antoun and he did not return her calls. Dr. Antoun stated that she may have called his office, but that he had no record of any calls. Mrs. Payne finally took her husband to the emergency room at the National Orthopedic & Rehabilitation Hospital where he was admitted by Dr. Sawmiller. Dr. Sawmiller's letters and the hospital's records do not reflect that any life threatening emergency existed, but they note that Payne suffered from a lumbosacral strain (ruling out a disk protrusion), "severe anxiety," and probable cervical arthritis.

■ A claimant has the burden of proving that an actual emergency exists. This burden is implicit from reading Code § 65.1-88 and has been the Commission's long standing interpretation. *See Byers* v. *Miller & Rhoads, Inc.,* 37 O.I.C. 53 (1955).

In the present case, we agree with the Commission's finding that there was no life threatening emergency confronting Payne. However, we further believe that under the circumstances, Payne and his wife reasonably believed that his physical situation was such that he required emergency treatment to relieve his pain, whether real or imagined. Under the authority cited in *Cheatham,* we hold that the Commission should have concluded that Payne attempted to reach his physician, Dr. Antoun, and that he did not respond. Under the circumstances, not having been able to contact his physician after repeated calls, we conclude that it was reasonable for him to go to an emergency room. We further hold that the emergency treatment is compensable if his subjective symptoms were related to the accidental injury. Even if Payne's emergency situation was a product of his anxiety, it is still compensable if his anxiety was created by the injury received April 1, 1984.

As soon as the crisis ended, however, Payne was under a duty to contact his physician, the employer, or the compensation insurance carrier with whom he had been dealing. He was not authorized to continue treatment with a physician other than the treating physician, Dr. Russo. We interpret the Commission's decision,

however, to be on the narrow ground that there was no emergency. It is that finding that we reverse because it is contrary to the uncontradicted testimony.

The Commission obviously did not decide whether the emergency resulted from the compensable accidental injury, how long the emergency lasted, and what treatment was provided during the emergency. We find that there was evidence from which the Commission could have concluded that the severe anxiety leading to the emergency treatment was related to the industrial accident. Accordingly, the Commission should decide if the emergency, which we hold existed, was related to the industrial accident. If it was, then the Commission is directed to enter an award to compensate Mr. Payne for so much of the medical treatment necessitated by the actual emergency and until Payne could reasonably have contacted his treating physician, the employer, or the compensation carrier for authorized treatment. We, therefore, reverse the case and remand for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Duff, J., and Cole, J., concurred.