## CIRCUIT COURT OF FAIRFAX COUNTY

Peter A. Cerick, Executor

v.

George J. Ellis et al.

February 3, 1992

Case No. (Chancery) 123214

BY JUDGE JACK B. STEVENS

This matter has been under advisement for the Court to consider the Demurrer and Plea of the Statute of Limitations filed by defendant Ellis. The Court has considered the arguments of counsel, as well as the cases cited in support thereof. For the reasons that follow, the Demurrer is overruled, but the Plea of the Statute of Limitations is sustained.

The plaintiff is the Executor of the Estate of Gary W. Burton, who died in July of 1988, leaving Helen Burton, his mother, as his sole heir and devisee. In October of 1988, defendant Ellis purchased real property from Mrs. Burton which passed under the will to her. Prior to the sale, the Executor notified the defendant Ellis and Mrs. Burton that he did not approve of the sale and recommended that the property be leased until it could be determined that the proceeds realized by the estate from the sale of assets would be sufficient to pay the estate debts. Despite the Executor's warning, the property was conveyed to Ellis for some $130,000. According to an appraisal of the property, the purchase price was at least $30,000 less than market value at the time. There is now a $34,000 deficiency in assets to cover the debts of the estate.

The Executor filed this suit on September 30, 1991, against Ellis, the purchaser, the mortgage company, and the trustee on the Deed of

Trust. Additionally, a Memorandum of Lis Pendens was filed in connection with this suit on October 1, 1991. The Executor seeks to have a lien placed on the property in the amount of $34,000, plus interest, costs and reasonable attorney's fees; to have judgment entered in favor of the Estate for the deficiency; and to have the property sold to satisfy this judgment. Defendant Ellis has filed a Plea of the Statute of Limitations and a Demurrer to the suit.

## Plea of the Statute of Limitations

The Plea of the Statute is based on § 64.1–183, Code of Virginia (1950) as amended, which states:

> Any heir or devisee who shall sell and convey any real estate, which by this chapter is made assets, shall be liable to those entitled to be paid out of the assets, for the value thereof, with interest; in such case, the estate conveyed shall not be liable if the conveyance was bona fide, and at the time of such conveyance no suit shall have been commenced for the administration of the assets nor any reports have been filed as aforesaid of the debts and demands of those entitled. But no alienation of such estate, made by an heir or devisee, within one year after the death of the testator or intestate, shall be valid against creditors of such testator or intestate, although no such suit shall have been commenced or report of debts and demands filed within such year, except as provided in § 64.1–184. *Any conveyance heretofore or hereafter made within one year after the death of a decedent shall, after the expiration of said year, be valid to all intents and purposes as if made after the expiration of said year, if at the expiration of said year no such suit shall have been commenced.* (Emphasis added.)

The defendant argues that because no suit, lis pendens, or demand was filed against the property within a year of the decedent's death, the property is free and clear of the debts of the estate under § 64.1–183. The Executor claims that the defendant bought the property with notice that the debts had not yet been settled, and for less than fair market value, taking him out of the bona fide purchaser classification.

The Court disagrees with the Executor's argument. The Bill of Complaint does not allege any filing within the year by a creditor or

the Executor to preserve the property for the payment of estate debts. In fact, no suit, lis pendens, or demand was made against the property until three years later in this suit. The last sentence of § 64.1–183 clearly removes the property from the reach of estate creditors once a year has passed with no such filing. Additionally, taking for less than market value does not remove a purchaser from bona fide status. In Virginia, a purchaser need not pay "fair and adequate" consideration, so long as he has simply paid value. *Cheatham v. Gregory*, 227 Va. 1, 4, 313 S.E.2d 368 (1984). Accordingly, the Plea of the Statute is sustained.

## *Demurrer*

The defendant has demurred to the Bill of Complaint based on § 64.1–185 claiming that since he is not an heir or devisee, he cannot be sued under that provision. The Court is unwilling to adopt this interpretation of § 64.1–185, as the provisions speak to any suit brought under that chapter. Certainly a purchaser whose property was properly held accountable for the payment of estate debts, in a case where the appropriate notices were timely filed, would be a proper party to a suit of this nature. Accordingly, the demurrer is overruled.