COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

BRENDA SUE TRAIL

v.    Record No. 1103-96-3

RALLY'S
AND
MANUFACTURERS ALLIANCE
 INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 15, 1996

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Brenda Sue Trail, pro se, on brief).

        (Richard D. Lucas; Carter, Brown & Osborne,
        on brief), for appellees.


        Brenda Sue Trail contends that the Workers' Compensation
Commission erred in limiting her benefits to one week of
disability.  She contends that she was entitled to receive
(1) compensation benefits for periods of partial incapacity
between September 16, 1994 and February 7, 1995; and (2) the cost
of medical treatment rendered to her after September 26, 1995 or
for any emergency room treatment.  Upon reviewing the record and
the briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the commission's
decision.  Rule 5A:27.

                            I.

        The commission found from the evidence that Trail had back
surgery in 1981 and continued to experience chronic back pain.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On September 7, 1994, Trail suffered a compensable injury by accident when she slipped on a wet floor and fell onto her left buttock.  An emergency room physician diagnosed her injury as a contused left buttock.

On September 12, 1994, Trail began treatment with Dr. Hetzal Hartley, who diagnosed her injury as a contused left hip and an acute low back strain.  Dr. Hartley excused Trail from her pre-injury job as a fast food prep worker from September 12, 1994 through September 16, 1994.  On September 16, 1994, Dr. Hartley released Trail to "modified duty" not involving lifting more than twenty pounds or bending to the floor.  On September 30, 1994, Dr. Hartley noted that Trail's pain had subsided and released her to full duty.

In November 1994, Trail returned to Dr. Hartley, complaining of recurrent back pain.  Dr. Hartley diagnosed Trail as having recurrent low back strain and placed her on "modified duty."  Dr. Hartley continued to treat Trail, placing her on light-duty status until December 28, 1994, when he again released her to full duty because her low back pain had subsided.  On January 3, 1995, after Trail again complained of pain, Dr. Hartley placed Trail on light duty and ordered an MRI.  On February 7, 1995, Dr. Hartley again released Trail to full duty.  He reiterated his decision to release Trail on February 23, 1995 and March 1, 1995.  Dr. Hartley referred Trail to Dr. Murray Joiner, a physiatrist.

Dr. Joiner diagnosed Trail as suffering from pain/piriformis

2

syndrome, left lower extremity sciatica, and a pre-existing unrelated disk defect. Dr. Joiner treated Trail with various conservative modalities and also referred her to two neurosurgeons, Dr. James M. Vascik and Dr. Ward W. Stevens. Neither Dr. Vascik nor Dr. Stevens viewed Trail as a surgical candidate. Instead, both doctors recommended that she continue under Dr. Joiner's conservative care.

Trail repeatedly sought treatment at the hospital emergency room for subjective complaints of pain. Emergency room personnel advised her to follow up with Dr. Joiner. Dr. Joiner noted that he could not find any medical reason for Trail's multiple emergency room visits, and he concluded that Trail was a "symptom magnifier." His conclusions were based upon her benign physical examination and the absence of any findings on objective testing. On September 26, 1995, Dr. Joiner released Trail to full duty. He reported "no medical explanation for her ongoing complaints" and "no reason for ongoing medical intervention." Dr. Joiner opined that Trail's complaints and her apparent psychological problem were unrelated to her compensable injury.

After Dr. Joiner released Trail, she continued to seek treatment at the emergency room. As a result of one of these visits, Trail was referred to Dr. Thomas Shuler, an orthopedist. On October 30, 1995, Dr. Shuler indicated that he did not find any "orthopedic surgical problem."

On January 15, 1996, Dr. Joiner indicated that Trail had

received "the full [gamut] of treatment intervention including passive physical therapy interventions, conditioning programs, use of multiple modalities, extensive soft tissue work, multiple trigger point injections, and nerve blocks." He opined that Trail exaggerated her disability on a functional capacity evaluation and that her numerous visits to the emergency room had unreasonably burdened the health care system. Dr. Joiner concluded that Trail represented "a case of frank symptom magnification."

## II.

Trail bore the burden of proving that her disability was causally related to her compensable injury by accident. She also bore the burden of showing that her emergency room medical treatment was necessary, causally related to her compensable injury by accident, and necessitated by an emergency. See Payne v. Master Roofing & Siding, Inc., 1 Va. App. 413, 415, 339 S.E.2d 559, 560 (1986). The medical records and opinions of Drs. Hartley and Joiner amply support the commission's finding that Trail failed to prove that her medical treatment and disability after September 26, 1995 were causally related to her compensable injury. In addition, Dr. Joiner's opinion that Trail's emergency room visits were not medically necessary supports the commission's decision that employer was not responsible for the cost of such treatment.

As a partially disabled employee, Trail bore the burden of

4

proving that she made a reasonable good faith effort to procure suitable work. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). Trail testified that she applied for jobs at fast food restaurants, supermarkets, and motels. All of the positions involved duties similar to her pre-injury job and were incompatible with her physical restrictions. Based upon her testimony, the commission upheld the deputy commissioner's finding that Trail did not apply for these jobs in good faith, "but merely to pursue her own aims." The commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Thus, credible evidence in this record supports the commission's award of temporary total disability benefits for the period of September 9, 1994 through September 16, 1994, and the commission's refusal to award disability benefits for any other period of time on the ground that Trail did not make a good faith effort to market her residual work capacity. The commission also appropriately refused to hold employer responsible for the cost of Trail's emergency room visits or for any medical treatment rendered after September 26, 1995.

### III.

After the deputy commissioner's January 19, 1996 decision, Trail filed various receipts, medical bills, medical reports, and letters from lay witnesses with the commission. In addition,

5

Trail later filed various receipts, medical records, and medical bills. However, Trail did not file a petition, required pursuant to Rule 3.3, requesting the full commission to consider these documents on review as after-discovered evidence. Trail also has not alleged any basis upon which these documents could qualify as after-discovered evidence. See Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995). Accordingly, in rendering our decision, we did not consider those documents. We can only consider evidence that was properly before the commission when it made its decision.

For the reasons stated, we affirm the commission's decision.

Affirmed.