JUSTICE KOONTZ,
with whom JUSTICE KEENAN joins, concurring in part and dissenting in part.
I concur with the majority’s determination that the Commonwealth established by a preponderance of the evidence the statutorily required substantial connection between Herbert Lee’s illegal drug activity and his Nissan Pathfinder vehicle, thus permitting forfeiture of the vehicle. In my view, however, the Commonwealth failed to carry its burden of proving by a preponderance of the evidence that the $2,881 seized was subject to forfeiture. Code § 19.2-386.10(A). Accordingly, I respectfully dissent.
The material facts are not in dispute. Lee admittedly sold “about eight to nine ounces a week of cocaine” and the records of drug transactions found by the police in his apartment are consistent with that admission. These facts provoke an intuitive suspicion that the $2,881 also found in Lee’s apartment was related to Lee’s drug dealing. However, the Commonwealth was required to prove that this cash was either actually “used in substantial connection with the . . . sale or distribution of controlled substances” or “traceable to such an exchange.” Code § 18.2-249.
During the search of Lee’s apartment, the police found $42 in the top right drawer of the dresser in Lee’s bedroom and the remaining *227 $2,839 in a lock box above the cabinets in his kitchen. The record does not establish that either location where cash was found had any direct relationship to the records of drug transactions or the other items frequently associated with drug transactions also found inside the apartment. Nor was any of the cash identified as having been used to make the undercover purchases of cocaine which led to the subsequent forfeiture action. Thus, the Commonwealth’s evidence did not connect or trace, in any substantial way, either of the two sums of cash to the sale or distribution of controlled substances.
These sums are not so large as to necessarily exclude the possibility that Lee obtained them from legal activity. Moreover, the Commonwealth produced no evidence to show that these sums are inconsistent with Lee’s other sources of income as established by Lee and his witnesses. The trial court must determine the weight of the testimony and the credibility of the witnesses, but it “may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record.” Cheatham v. Gregory, 227 Va. 1, 4, 313 S.E.2d 368, 370 (1984).
The forfeiture of money gained from illegal drug sales is a valuable tool in the important and continuing effort to eliminate such activity, but the law is not well served if we permit a forfeiture of property merely suspected of having a substantial connection to the illegal transactions. See Code § 8.01-680; see also Hankerson v. Moody, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985) (“A court may not base its findings on a suspicion which is contrary to the undisputed positive testimony”). For these reasons, I would reverse the trial court’s judgment of forfeiture of the cash seized from Lee.