COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


EDDIE LEE HORNE, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1247-09-2                      JUDGE RANDOLPH A. BEALES
                                                    JUNE 1, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Margaret P. Spencer, Judge

            Catherine French, Supervising Assistant Public Defender (Office of
            the Public Defender, on brief), for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Eddie Lee Horne, Jr., (appellant) was convicted by a jury of possession of cocaine and

sentenced to nine months in jail.[1]   After his trial, the circuit court found, based on this conviction,

that appellant had violated the terms of his previously suspended sentence from a robbery

conviction.  The court revoked the suspension, sentenced appellant to serve two years of the robbery

sentence, and resuspended any remaining portion of that sentence.  Appellant argues on appeal that

he was not aware that there was a rock of crack cocaine in the pocket of the pants that he was

wearing.  Therefore, he claims, he did not knowingly possess the cocaine.  He also argues that the

circuit court erred in revoking his suspended sentence because he was improperly convicted of

possessing cocaine and because the suspension was from a 1999 conviction.  After reviewing the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was indicted for possession of cocaine with the intent to distribute.  The jury
convicted him of the lesser-included offense of simple possession.

evidence in this case, we affirm the conviction for possession of cocaine and the revocation of appellant's previously suspended sentence.

## I. BACKGROUND

Appellant was driving an SUV in the City of Richmond when Officer Christina Benkahla stopped him because "very loud music" was coming from the vehicle. Appellant was "polite and cooperative" with the officer, and he consented to a search, telling Officer Benkahla that he did not have "anything illegal on his person." Officer Benkahla searched appellant and discovered a rock of crack cocaine in the zipped-closed rear pocket of the velour pants that appellant was wearing. Officer Benkahla knew from the moment that she touched the item in the pocket that it was a rock of crack cocaine.

Appellant "appeared to act a little surprised" when Officer Benkahla found the cocaine. However, a surprised reaction to such a discovery was "not uncommon" in Officer Benkahla's experience. After the officer discovered the rock of cocaine, appellant claimed that the velour pants did not belong to him. Appellant did not have any other drug paraphernalia or smoking devices in his possession.

The rock of cocaine was "pretty significant," according to Officer Benkahla. The jury was afforded an opportunity at trial to observe its size. The Commonwealth's evidence proved that the rock of cocaine weighed two grams and had a street value of between $100 and $200. According to the expert testimony of Sergeant Michael Talley, the circumstances in this case were inconsistent with personal use of the cocaine found in the pocket, although the amount of cocaine was "borderline."

James Tucker testified for appellant at trial. He said that appellant and his girlfriend, Sheverne Tillman, brought an SUV to him, asking if he could do some repairs on the vehicle and complete them before the end of the day. Tucker told appellant that he could not finish the work

on the SUV that day unless appellant helped him. Tucker testified that, so appellant would not get his own clothes dirty, he gave appellant a pair of velour sweatpants that were lying on a nearby fence to wear while working on the SUV. Tucker had no idea how long the pants had been on the fence and claimed they were not his. Tucker admitted that he had three prior felony convictions.

Sheverne Tillman, appellant's girlfriend, also testified that the velour pants did not belong to appellant. She claimed that he got them from Tucker on the day that Officer Benkahla stopped the SUV. According to Tillman, appellant wore the pants "to work in" while helping with the repairs to the SUV. Tillman claimed she was not lying when she testified, although she admitted that she did not want anything bad to happen to appellant.

Appellant testified in his own defense, claiming that he did not know that the rock of crack cocaine was in the pants pocket. He explained that he and Tillman went to Tucker's house at about 1:00 p.m. and asked him to fix the SUV before nightfall. Tucker replied that appellant would have to help in order to complete the repairs in time, but appellant "didn't want to mess" up his "nice little khaki shorts" by getting under the car. According to appellant, Tucker then handed him the velour pants to wear while he helped repair the SUV, and appellant put them on without checking the pockets. Appellant claimed that the back of his shirt and the pants got dirty and that his hands got oily while working on the SUV. When Officer Benkahla stopped him, Tucker had just completed the repairs, and appellant was test-driving the vehicle.

Officer Benkahla testified in rebuttal that she did not observe any oil, gravel, or dirt on appellant's hands, shirt, or pants, even when she stood close to him and handcuffed him. She had been observing him closely because she was attempting to determine if he was under the influence of narcotics at the time of his arrest. She testified that "[h]e was pretty clean and well

kept" and that appellant "absolutely" did not look like someone who had just been working under a car.

The jury convicted appellant of possession of cocaine. Based on this conviction, the Commonwealth had a show cause issued, asking the trial court to revoke the suspension of appellant's sentence from a 1999 robbery conviction. The trial court then revoked two years of the suspended sentence. The only violation of the terms of the 1999 suspension was the conviction for possession of cocaine.

## II. ANALYSIS

### A. Possession of Cocaine

Appellant argues that the evidence was not sufficient to support the jury's conclusion that he possessed the cocaine that Officer Benkahla found in the pocket of the velour pants.

> When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted); see also Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999). When considering the evidence in the light most favorable to the Commonwealth, however, we must also be mindful that:

> [t]he trier of fact must determine the weight of the testimony and the credibility of the witnesses, but it "may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record." Cheatham v. Gregory, 227 Va. 1, 4, 313 S.E.2d 368, 370 (1984). A court may not base its findings on a suspicion which is contrary to the undisputed positive testimony.

Hankerson v. Moody, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985); Williams v. Commonwealth, 14 Va. App. 666, 669-70, 418 S.E.2d 346, 348 (1992). Overall, "[t]he issue

- 4 -

that we consider, upon appellate review, is "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).

Here, the jury convicted appellant of possession of cocaine.  In order to reach that conclusion, the jury had to find that the evidence proved beyond a reasonable doubt that appellant had "either actual or constructive possession" of the cocaine and that he "intentionally and consciously possessed the drug with knowledge of its nature and character."  Morris v. Commonwealth, 51 Va. App. 459, 465-66, 658 S.E.2d 708, 711 (2008).  Appellant argues that the evidence did not prove that he intentionally and consciously possessed the rock of crack cocaine.  He claims, citing Williams, that his girlfriend's testimony was unimpeached and credible, so the jury could not ignore her testimony that Tucker gave him the pants.

In this case, Officer Benkahla found the rock of crack cocaine on appellant's person, in the pocket of the pants that he was wearing, which constitutes actual possession, as appellant conceded during oral argument.  Therefore, when considering whether appellant intentionally and consciously possessed the drug, we are mindful that possession itself is a circumstance that the jury could consider in determining whether appellant intentionally and consciously possessed the rock of cocaine, although "bare possession, without more, may [not] furnish proof, beyond a reasonable doubt, of the essential element of guilty knowledge."  Young v. Commonwealth, 275 Va. 587, 592, 659 S.E.2d 308, 310 (2008) (overturning a possession conviction where the evidence proved that the drugs were not obviously illegal and that the drugs were contained in a prescription bottle that was left in the car by another user of the vehicle).

We find that the jury did not err in finding appellant guilty of possession of the cocaine found in the pocket of the velour pants that he was wearing. He was in actual possession of the rock of crack cocaine. See id. In addition, the evidence proved that the cocaine that was found in the pocket was worth between $100 and $200, an expensive item. Based on this evidence, the jury could legitimately find that appellant's protestation that he was unaware of the cocaine was incredible. The jury could conclude that some unknown person would not leave the expensive rock of crack cocaine in a pair of pants on a fence in a fairly public area, giving someone else the opportunity to take the pants and the cocaine. See Ward v. Commonwealth, 47 Va. App. 733, 753 n.4, 627 S.E.2d 520, 530 n.4 (2006) ("Our cases recognize that drugs are a commodity of significant value, unlikely to be abandoned or carelessly left in an area."). The jury, as the trier of fact and determiner of witness credibility, could reject appellant's story that the pants were not his and conclude that the velour pants, and any item in the pockets of those pants, belonged to appellant. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (en banc) ("[T]he finder of fact may infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion and control."). Thus, the Commonwealth presented sufficient evidence to support the conviction.

Appellant argues that Ms. Tillman's unimpeached testimony that he did not own the pants could not be rejected by the jury and, therefore, the jury erred in convicting him. Even if Ms. Tillman's testimony were unimpeached, her testimony was not inherently credible given the other evidence presented to the jury. Officer Benkahla testified that appellant did not have gravel, dirt, or oil on his clothing or his hands when she arrested him. If, as Ms. Tillman testified, appellant put on the pants to work under the SUV, then Officer Benkahla should have seen some indication of his recent efforts under the car. Instead, the officer testified that

- 6 -

appellant "absolutely" did not look like someone who had been working under a car. Given this inconsistency in the evidence, the jury could properly reject Ms. Tillman's testimony.[2]

"Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party" at trial, Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), we conclude that the jury did not err in finding that appellant intentionally and consciously possessed the rock of crack cocaine found in his pants pocket.

### B. Revocation of Suspended Sentence

Appellant makes two arguments alleging error by the trial court in revoking his suspended sentence. First, he contends that, because the evidence was insufficient to support his conviction for possession of cocaine, the trial court erred in relying on that conviction to revoke his suspension. As we find the evidence was sufficient and affirm the possession of cocaine conviction, we need not further address this particular argument by appellant. See Whitaker v. Commonwealth, 279 Va. 268, 278, 687 S.E.2d 733, 738 (2010).

Second, appellant contends that because the suspended time was "rather old," and appellant had been a good citizen since the 1999 conviction, one new conviction was not sufficient cause for the trial court to impose two years of active time.

A trial court has significant discretion when deciding whether to revoke a previously suspended sentence. Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). Certainly, a new conviction is a legitimate reason to revoke the suspension of a previously

---

[2] Appellant argues on appeal that, even if he felt the rock of crack cocaine in his pocket as he sat in the SUV, he could have believed that it was a piece of gravel that became stuck to his pants when he was working under the vehicle. However, this explanation presumes that the appellant actually was working under the SUV and donned the pants in order to protect his own clothing. The jury did not have to accept this premise, as discussed *supra*, and instead could reasonably infer that appellant was wearing his own pants. As appellant presented no other explanation for the presence of the rock of cocaine, the jury could conclude that appellant knew the contents of his own pants pocket.

imposed sentence when good behavior is a condition of the suspension, as it was here. Appellant cites no case law to support his argument that if a felon has been of good behavior for ten years, then his previous sentence cannot be revoked based on one new conviction.

We find that the trial court did not abuse its discretion in revoking appellant's previously suspended sentence for robbery based on the new conviction for possession of cocaine.

### III. CONCLUSION

We find that the jury did not err in convicting appellant of possession of cocaine and that the trial court did not err in revoking appellant's previously suspended sentence. Therefore, we affirm the conviction for possession of cocaine and the order revoking the suspension of appellant's 1999 sentence.

Affirmed.